UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

The United States of America for the use and benefit of KIRBY BUILDING SYSTEMS, LLC,

Plaintiff,

v.                    4:12-cv-263

GATOR STEEL BUILDINGS, INC.; MACK MECHANICAL, INC.; and AMERICAN SAFETY CASUALTY INSURANCE COMPANY,

Defendants.

## ORDER

### I. INTRODUCTION

On October 23, 2012, Kirby Building Systems, LLC ("Kirby") filed a complaint that asserted a breach of contract claim against Gator Steel Buildings ("Gator"), and claims under a payment bond against Mack Mechanical, Inc. ("Mack") and American Safety Casualty Insurance Company ("American"). ECF No. 1.

Kirby served American on December 5, 2012. ECF No. 17 at 3. American, however, failed to answer within twenty-one days. *Id.* Kirby then filed a motion for entry of default on January 11, 2013 and the clerk entered a default that same day. ECF Nos. 12; 13.

Now before the Court are Kirby's Motion for Default Judgment, ECF No. 14, and American's Motion to Open Default. ECF No. 17. American avers its default resulted from a misunderstanding by one of its employees as to joint representation by Mack's retained counsel. *See id.* at 5. The Court finds that rationale for default constitutes good cause and *GRANTS* American's motion. But Gator still has not responded to Kirby's complaint or motion for default judgment. That motion is *DENIED* as to American, but *GRANTED* as to Gator.

### II. FACTS

Several years ago, Mack entered into a contract "to construct and erect an improvement to real property owned by the United States . . . located at the Hunter Army Airfield." ECF No. 14-1 at 2. Mack subcontracted with Gator to design and supply a "metal building system for the Project." *Id.* Mack also jointly issued a payment bond with American "for the protection of subcontractors and material suppliers." *Id.* Gator then contracted with Kirby to design and fabricate the metal building. *Id.* No contract exists between Mack and Kirby. ECF No. 17-2 at 3.

Mack made progress payments to Gator during the course of the project, including one for $47,202.78 on April 20, 2012, intended as payment for the building at delivery. *Id.* A week later, Kirby's trucking company, Huff and Puff Trucking, Inc., delivered the building. *Id.* at 4. Along with the building, Huff and Puff delivered an invoice from Kirby to Gator for $47,202.78—which included taxes and credited a deposit previously paid by Gator—to be paid upon delivery of the building. ECF No. 14-1 at 2.

Gator failed to pay the invoice. *Id.* at 3. Because of that non-payment, Kirby claims

damages "in the principal amount of $47,202.78, plus interest accruing at the contractual rate of 1[.5]% per month through December 26, 2012 in the amount of $5,664.32; costs, attorneys' fees and litigation expenses in the amount of $9,198.16, for a total amount owed of $62,065.26." *Id.* at 4 (emphasis removed).

### III. ANALYSIS

The Court first addresses American's motion to open default before turning to Kirby's motion for default judgment.

#### A. Motion to Open Default

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the clerk shall enter a default against that party. FED. R. CIV. P. 55(a). A court may set aside a default "for good cause." *Id.* at (c). But it is "[t]he defendant [who] bears the burden of establishing good cause to set aside an entry of default." *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008).

"Good cause is a mutable standard, varying from situation to situation." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotation omitted). "In determining whether 'good cause' has been shown, the courts have considered the following: (a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary; (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." *SEC v. Johnson*, 436 Fed. App'x 939, 945 (11th Cir. 2011) (citing *Compania Interamericana*, 88 F.3d at 951-52). In this circuit, moreover, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

American has established good cause for its default. Craven Bradham ("Bradham"), an employee of American's, avers that he spoke with Amanda Brantley, a Mack employee, on December 5, 2012 about this case. *See* ECF No. 17-1 at 3. Bradham apparently misunderstood Brantley to say that Mack's counsel would also file an answer to Kirby's complaint on behalf of American. *Id.* at 4. Brantley confirms this misunderstanding, even stating that she told "Craven Bradham that Mack would take care of having the response filed for [American]." ECF No. 17-2 at 5.

Although the Clerk entered default against American on January 11, Bradham avers American "did not receive a service copy." ECF No. 17-1 at 4. Not until January 21, during a conversation with Mack's attorney, did Bradham and American realize "that an Answer had not been filed on behalf of [American]." *Id.* Bradham avers that (1) he "immediately undertook to secure counsel to represent [American;]" (2) American has viable defenses to Kirby's claims; and (3) American "is ready to answer and proceed to defend the case." *Id.*

First, American's default does not appear to be "culpable or willful." *Johnson*, 436 Fed. App'x at 945. Bradham's

2

misunderstanding—a misunderstanding caused by Brantley's incorrect assumption—caused American not to answer timely. Second, it appears American acted promptly, once it had knowledge of the default, to correct the default. *See id.* Third, American has meritorious defenses—including a crossclaim against Gator for non-payment, and an assertion that Kirby failed to enforce its own cash-on-delivery policy—it is ready to present. *See* ECF No. 17-2 at 5-6; *see also James v. Progress Energy Fla., Inc.*, No. 5:11-cv-175, 2011 WL 3585816, at *2 (M.D. Fla. Aug. 16, 2011) (citing *Weisel v. Pischel*, 197 F.R.D. 231, 239 (E.D.N.Y. 2000).

In view of the foregoing, and with no apparent adverse financial consequences to Kirby from the delay, denying American's motion to open default would undercut this circuit's "policy of determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1295. American has shown good cause for its default and that default is therefore set aside pursuant to Federal Rule of Civil Procedure 55(c).

### B. Motion for Default Judgment

Even though reopening American's default necessarily moots Kirby's request for a default judgment against American, Kirby's motion for default judgment against Gator remains. And Gator remains in default. The Court therefore must determine the amount of damages Kirby is entitled to. *See* FED. R. CIV. P. 55(b)(2).

Kirby claims damages of $47,202.78 in principal; interest in the amount of $5,664.32; and costs, attorney's fees, and litigation expenses totaling $9,198.16. ECF No. 14-1 at 4. In support of those amounts, Kirby submits invoices from its attorneys, and an affidavit from its controller, Ken Parkhurst. Parkhurst's affidavit supports the principal and interest amounts, *see* ECF No. 14-3, while attorney Ernest L. Beaton IV's shows Kirby's entitlement to a fee recovery. ECF No. 14-2 at 2.

The Court discerns no reason to discount the affidavits or to decrease the amount of damages Kirby requests. So, Kirby is entitled to the full amount of its request—$62,065.26.

### IV. CONCLUSION

The Court finds that American has demonstrated good cause for its default. The Court ***GRANTS*** American's motion to open default. The Clerk is ***DIRECTED*** to docket American's answer, ECF No. 17-3.

Kirby's motion for default judgment as to American is ***DENIED***. Gator, however, remains in default. Kirby's motion for default judgment as to Gator is therefore ***GRANTED***. The Clerk is ***DIRECTED*** to enter a default judgment against Gator in the amount of $62,065.26.

This /*8* day of February 2013.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3