UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

The United States of America for the use and benefit of KIRBY BUILDING SYSTEMS, LLC, a Delaware limited liability company,

Plaintiff,

v.                          4:12-cv-263

GATOR STEEL BUILDINGS, INC.; MACK MECHANICAL, INC.; and AMERICAN SAFETY CASUALTY INSURANCE CO.,

Defendants.

AMERICAN SAFETY CASUALTY INSURANCE CO.,

Third Party Plaintiff,

v.

HUFF & PUFF TRUCKING, INC.,

Third Party Defendant.

### ORDER

### I.   INTRODUCTION

Before the Court are (1) Huff and Puff Trucking's Motion For Judgment On The Pleadings Or In The Alternative Motion To Dismiss, ECF No. 32, and (2) Kirby Building Systems' Motion For Leave To Amend Complaint. ECF No. 37. In response to both American Safety Casualty Insurance Co.'s ("ASIC") third-party complaint and Kirby's request to add a claim against Huff & Puff to its complaint, Huff & Puff argues for dismissal for improper venue based on the forum selection clause in its contract with Kirby. *See* ECF Nos. 32-1 at 2; 39 at 2. ASIC, on the other hand, contends that the Court's uncontested—and proper—subject matter jurisdiction over the claims in this case equates to proper venue. ECF No. 38 at 7. Because (1) jurisdiction does not equal venue, and (2) the Court finds the forum selection clause mandatory and enforceable, Huff & Puff's motion to dismiss is **GRANTED** and Kirby's motion to amend is **DENIED**. Because its resolution of the venue issue resolves all outstanding motions, the Court need not address Huff & Puff's arguments for judgment on the pleadings.

### II.   BACKGROUND[1]

At the heart of the motions before the Court lies a contract between Kirby and Huff & Puff for the delivery of pre-fabricated metal buildings to Gator Steel Buildings, Inc. That contract contains a forum selection clause stating that "[e]ach party . . . consents to the *exclusive* jurisdiction[] of the state and federal courts in the state in which the Facility is located . . . for any litigation which may arise out of or be related to this Agreement." ECF No. 33-1 at 15 (emphasis added). The contract defines "Facility" as Kirby's center of operations in Portland, Tennessee. *Id.* at 1.

After the Court allowed ASIC to file a third-party complaint against Huff & Puff, ECF No. 29, ASIC alleged that Huff & Puff breached the Kirby-Huff & Puff contract by failing to obtain payment for the building from Gator upon delivery. *See* ECF No. 30 at 3. Huff & Puff responded with a motion for judgment on the pleadings or in the alternative motion to dismiss for improper

---

[1] For a complete recitation of the facts underlying this case, *see* ECF No. 19 at 1-2.

venue. ECF No. 32. Kirby reacted by seeking to amend its original complaint to add a breach of contract claim against Huff & Puff similar to ASIC's. ECF No. 37.

## III. DISCUSSION

Huff & Puff's motion to dismiss and response to Kirby's motion to amend both argue that the Kirby-Huff & Puff contract's forum selection clause makes venue in this district improper. See ECF Nos. 32-1 at 2; 39 at 2. ASIC's only response is to argue that the Court's undeniably proper subject matter jurisdiction also makes venue proper. See ECF No. 38 at 7. Kirby, by contrast, chose the silent treatment in response to Huff & Puff's argument.

The Court first assesses ASIC's jurisdiction-based argument, then turns to the merits of Huff & Puff's assertion that its contract with Kirby makes venue in this Court improper for any claims related to its contract with Kirby.

### A. Subject Matter Jurisdiction Is From Mars and Venue Is From Venus

"[V]enue and subject-matter jurisdiction are not concepts of the same order. Venue is largely a matter of litigational convenience," while subject-matter jurisdiction "concerns a court's competence to adjudicate a particular category of cases." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006). Subject-matter jurisdiction analysis simply "does not entail [the] assessment of convenience," central to venue analysis. *Id.* In fact, the "basic difference between the court's power and the litigant's convenience is historic in the federal courts." *Id.* (quoting *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939)).

The Court need not elaborate further. Suffice it to say, ASIC's argument that the Court's subject matter jurisdiction validates venue fails.

### B. The Kirby-Huff & Puff Contract's Forum Selection Clause

Courts "often characterize forum-selection clauses as either 'permissive' or 'mandatory.'" *Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1331 (11th Cir. 2011). Permissive clauses allow "jurisdiction in an authorized forum but do[] not prohibit litigation elsewhere." Mandatory clauses, on the other hand, dictate "an exclusive forum for litigation under the contract." *Id.* (quoting *Global Satellite Commc'n Co. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004)).

The forum selection clause in the Kirby-Huff & Puff contract states that both parties consent to the "exclusive jurisdiction" of the state and federal courts in Tennessee, the state of Kirby's facility, over "any litigation" related to the contract. ECF No. 33-1 at 1, 15. Like the forum selection clause in *Slater*, which the Eleventh Circuit found mandatory because of the word 'shall,' the clause here too is mandatory, although because of the word 'exclusive.'

Exclusive connotes proper jurisdiction *only* in Tennessee. Assuming enforceability of the forum selection clause here, then, "claims within the scope of the forum-selection clause," i.e., those related to the Kirby-Huff & Puff contract, must be brought in state or federal court in Tennessee. *Slater* 634 F.3d at 1331.

"Mandatory forum-selection clauses," like the clause here, "are 'presumptively valid and enforceable' absent a 'strong showing that

2

enforcement would be unfair or unreasonable under the circumstances.'" *Slater*, 634 F.3d at 1331. "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009).

No party makes any showing, much less a strong one, that enforcement of the forum selection clause in the Kirby-Huff & Puff contract would be unfair. *Slater*, 634 F.3d at 1331. To the contrary, the only evidence before the Court suggests enforcement would be proper. Kirby and Huff & Puff freely bargained for the contract, including the forum selection clause. And both Kirby and ASIC implicitly acknowledge a lack of fraud in the contract's formation by arguing Huff & Puff committed a breach rather than for a defect in formation. *See id.*; ECF Nos. 30 at 4; 37 at 2.

ASIC, moreover, can refile its third-party complaint's claims in Tennessee upon dismissal from this Court. Kirby can likewise file a complaint in Tennessee asserting the breach claim it seeks to add to its complaint here. Nor would dismissal violate the "policy against the maintenance of parallel proceedings." *Slater* 634 F.3d at 1331. ASIC's and Kirby's claims against Huff & Puff surround the contract, whereas the claims in Kirby's original complaint touch on ASIC's payment bond and Gator's failure to pay for the metal buildings. "The evidentiary details" of the two sets of claims therefore "will not considerably overlap." *Id.* at 1332.

Because the forum selection clause here is mandatory and no party has shown why it is unenforceable, the Court must enforce it. And the clause mandates that "*any* litigation which may arise out of or be related to" the Kirby-Huff & Puff contract be subject "to the exclusive jurisdiction" of Tennessee's state and federal courts. ECF No. 33-1 at 15. ASIC's claims in this Court against Huff & Puff based on Huff & Puff's alleged breach of that contract therefore must be dismissed for improper venue. *See* Fed. R. Civ. P 12(b)(3). Kirby's requested amendment to its complaint also must be denied because it relates to a breach of the same contract.

### IV.   CONCLUSION

Huff & Puff's motion to dismiss for improper venue is **GRANTED**. ASIC's third-party complaint against Huff & Puff is ***DISMISSED WITHOUT PREJUDICE*** to ASIC's ability to refile in a Tennessee court.

Kirby's motion to amend its complaint also is **DENIED**. Kirby too may assert any claims it has relating to the Kirby-Huff & Puff contract in Tennessee.

This ___ day of September 2013.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3